UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x
PEDRO CRUZ                                          :
                                                    :
        -against-                                   :
                                                    :        COMPLAINT AND
                                                    :        JURY DEMAND
THE CITY OF NEW YORK, POLICE OFFICER                :
RYAN SMITH, SERGEANT CHRISTOPHER                    :
FLAHERTY and SSA JOHN TODARO and                            1:18-cv-5584
POLICE OFFICER JOHN DOES 1, 2, 3 et al.             :
                                                    :
                            Defendant(s),           :
_____x

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The case arises from a July 8, 2017 incident in which members of the New York City Police Department ("NYPD") subjected plaintiffs to false arrest, malicious prosecution, illegal search and seizure and unlawful imprisonment. The plaintiffs seek compensatory and punitive monetary damages, declaratory relief, an award of costs and attorneys fees and such other and further relief as the court deems just and proper.

2.      On July 8, 2017, POLICE OFFICER RYAN SMITH, SERGEANT CHRISTOPHER FLAHERTY, SSA JOHN TODARO and other members of the NEW YORK CITY POLICE DEPARTMENT including POLICE OFFICER JOHN DOES 1, 2, 3 et al., acting under the color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest, false imprisonment, detention, unlawful search and seizure, and malicious prosecution for acts of which plaintiffs were innocent.  This unconstitutional and unreasonable seizure of the plaintiffs was in violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3.      The Plaintiff, PEDRO CRUZ through their attorney, RICHARD C. SOUTHARD, complaining of the defendants, respectfully allege:

## JURISDICTION

4.      This action is brought pursuant to 28 USC §§ 1331 and 1343, 42 §§ 1983, 1985 and 1988 and the Fourth, Fifth, Fifteenth and Fourteenth Amendments to the Constitution of the United States.  Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5.      The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.      Venue is laid within the United States District Court for the Eastern District of New York in that the incident occurred within the boundaries of the Eastern District of New York, particularly Richmond County and Plaintiff Pedro Cruz resides within the boundaries of the Eastern District of New York, particularly Richmond County.

## PARTIES

7.      Plaintiff PEDRO CRUZ at all times relevant hereto resided in Richmond County, City and State of New York.

8.      That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

9.      THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, and on information and belief, the defendants POLICE OFFICER RYAN SMITH, SERGEANT CHRISTOPHER FLAHERTY, SSA JOHN TODARO and other members of the NEW YORK CITY POLICE DEPARTMENT including POLICE OFFICER JOHN DOES 1, 2, 3 et al. were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

11.     At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12.     That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and  THE NEW YORK CITY POLICE DEPARTMENT.  And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13.     That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14.     On July 8. 2017, members of the New York City Police Department, including defendants POLICE OFFICER RYAN SMITH, SERGEANT CHRISTOPHER FLAHERTY, SSA JOHN TODARO and other members of the NEW YORK CITY POLICE DEPARTMENT including POLICE OFFICER JOHN DOES 1, 2, 3, et al.,

illegally stopped Pedro Cruz, who was driving a 2017 Infinity four door sedan at the intersection of Richmond Terrace and Union Avenue in Richmond County, NY. At the time he was pulled over, Plaintiff was wearing his seatbelt, and lawfully obeying all Vehicle and Traffic Laws.  Police Officer Ryan Smith requested Plaintiff's driver's license, insurance and registration which Plaintiff provided. Concurrently, Police Officer John Doe 1 approached the passenger side of the vehicle and requested the identification of the passenger of the vehicle, Justin Rodriguez.  Police Officer Ryan Smith left the vehicle to check the validity of the plaintiff's documents provided. Police Officer Ryan Smith returned to the vehicle and returned Plaintiff's license, registration and insurance and informed him that he believed that the tint on Plaintiff's vehicle was too dark but that he did not have a tint meter and that Plaintiff could leave[1].  Concurrent with Police Officer Smith's conversation with Plaintiff, Police Officer John Doe 1 ordered passenger Justin Rodriguez to get out of the vehicle because he had a warrant out for him.  Justin Rodriguez refused insisting there was no warrant. One of the two officers radioed for backup and approximately 5-6 additional police vehicles arrived at the scene. Police Officer Ryan Smith and three other NYPD back-up police officers (four total) shouted for Plaintiff to "Get the fuck out of the car asshole.", and forcibly dragged him from his vehicle to the ground applying pressure with a knee to his back while handcuffing plaintiff.  The passenger Justin Rodriguez was also forcibly removed from the vehicle and placed in handcuffs.  After Plaintiff was removed from his vehicle, Officer Ryan Smith searched Plaintiff's vehicle without Plaintiff's permission or consent and without a warrant and absent any legal justification. Defendants illegally searched Plaintiff's trunk, front and rear seating area within his vehicle, armrest and glove compartment area. Police Officer Smith, recovered a Sheffield Black Hills folding pocket knife with 2 ¾" stainless Steel blade from Plaintff's glove compartment. This knife had been lawfully purchased by Plaintiff for $1.99 (One dollar and ninety-nine cents) plus tax from Auto Zone. The blade is housed by a plastic case and affixed with a single rivet.  Defendant Officer Ryan Smith falsely claimed in sworn statements that he observed a gravity knife in Plaintiff's glove box when the glove box was opened by Plaintiff to retrieve insurance

---

[1] No summons was being issued to Plaintiff when Police Officer Ryan Smith initially told Plaintiff he could leave.

and registration. Defendants falsely and illegally charged Plaintiff with the sole charge of Criminal Possession of a Weapon in the Fourth Degree[2].

15.     On July 8, 2017, Plaintiff was arrested and taken into the 121 Precinct, where he was fingerprinted and processed.  As a result, Defendants imprisoned and detained Plaintiff, deprived him of his liberty, without any legal right to do so, and against the will of the Plaintiff.  Plaintiff was given a Desk Appearance Ticket to appear in Richmond County Criminal Court on August 10, 2017. On or about August 10, 2017, Plaintiff was arraigned in Richmond County Criminal Court, on one count of Criminal Possession of a Weapon in the Fourth Degree and entered a plea of not guilty. As a result, defendants imprisoned and detained plaintiffs, deprived them of their liberty, without any legal right to do so, and against the will of the plaintiffs.

16.     Following his arraignment on August 10, 2017, Plaintiff's case was adjourned multiple times until on September 20, 2018 in Part AP-2.  On that date, the sole misdemeanor charge against Plaintiff was dismissed upon application of the Richmond County District Attorney's Office[3].

17.     The arrest of the Plaintiff was committed by the Defendants without legal process and without probable cause and without any reasonable cause to believe that the Plaintiff had committed a crime.

18.     Plaintiff remained in custody for approximately four  hours.

19.     Defendants acted maliciously and intentionally.

20.     As a direct and proximate result of the acts of defendants, Plaintif suffered severe and permanent injuries including but not limited to: mental anguish, fear

---

[2] Passenger Justin Rodriguez was also arrested and charged separately with Criminal Possession of a Weapon in the Fourth Degree and Resisting Arrest
[3] Separately charged passenger Justin Rodriguez received an Adjournment in Contemplation of Dismissal with no conditions and early sealing in three months (instead of the six months required by CPL 170.55)

humiliation, anxiety, loss of liberty, loss of property, psychological and physical injury, pain, suffering, and emotional distress.

## FIRST CAUSE OF ACTION
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

21.     Paragraphs 1 through 20 are herein incorporated by reference.

22.     Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

23.     Defendants have deprived Plaintiff of their civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

24.     As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
### (MUNICIPAL LIABILTY)

25.     Paragraphs 1 through 24 are incorporated herein by reference.

26.     Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants.

27.     Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

28.     Upon information and belief, Defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other

fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

29.     Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

30.     Defendant CITY OF NEW YORK has damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

31.     Defendants subjected Plaintiff to false arrest and false imprisonment.

32.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

33.     Paragraphs 1 through 32 are incorporated herein by reference.

34.     Defendants illegally arrested Plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty with probable cause.

35.     That as a result of the foregoing, the Plaintiff has been deprived of the following rights, privileges and immunities secured them by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under

the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of their civil rights in violation of the statutes made and provided.

36.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FOURTH CAUSE OF ACTION
### (FOURTEENTH AMENDMENT)

39.    Paragraphs 1 through 36 are incorporated herein by reference.

40.    Defendants illegally arrested Plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

41.    That as a result of the foregoing, the Plaintiff has been deprived of the following rights, privileges and immunities secured them by the constitution and the laws of the United States: the right to be secure in their persons and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of  their civil rights in violation of the statutes made and provided.

42.    The plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FIFTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

43.    Paragraphs 1 through 42 are incorporated herein by reference.

44.     Defendants caused a false accusatory instrument to be filed against Plaintiff.

45.     The criminal instrument was subsequently dismissed and the criminal proceedings favorably terminated.

46.     Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

47.     Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the Defendants.

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A.     In favor of the Plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of the Plaintiff's Causes of Action;

B.     Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of the Plaintiff's Causes of Action;

C.     Awarding Plaintiff's reasonable attorneys' fees, costs and disbursements of this action;

D.     Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
        October 4, 2018

                                        /s/ *Richard C. Southard*
                                By:  Richard C. Southard
                                     Attorney for Plaintiff
                                     291 Broadway, Suite 800
                                     New York, New York 10007
                                     (212) 385-8600

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK       )
                        ) ss:
COUNTY OF NEW YORK   )

RICHARD C. SOUTHARD, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:  I am an attorney at the **LAW OFFICE OF RICHARD SOUTHARD** and the attorney of record for Plaintiff **PEDRO CRUZ.**  I have read the annexed **COMPLAINT AND JURY DEMAND** and know the contents thereof, and the

same is true to my knowledge, except those matters therein which are stated to be alleged

upon information and belief, and as to those matters I believe them to be true.  My belief, as

to those matters therein not stated upon knowledge, is based upon facts, records, and other

pertinent information contained in my files.

      The reason I make the foregoing affirmation instead of the Plaintiff is because

Plaintiff does not reside in the county wherein the attorney for the Plaintiff maintains their

office.


Dated:      NEW YORK, NEW YORK
        October 4, 2018



          /s/ *Richard C. Southard*
          Richard C. Southard, Esq.